**BURNET, Commissioner of Internal Revenue, v. WILSHIRE OIL CO., Inc.**

No. 6134.

Circuit Court of Appeals, Ninth Circuit.

Feb. 9, 1931.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John H. McEvers, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal., for respondent.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

The sole question at issue in this case is whether the Wilshire Oil Company, Inc., and the Bandini Petroleum Company were affiliated during the year 1920 within the meaning of section 240 of the Revenue Act of 1918, and therefore entitled to file a consolidated income and excess profits tax return. The Board of Tax Appeals found that the companies were affiliated, and the Commissioner appeals.

Section 240(b) of the Revenue Act of 1918 (40 Stat. 1057, 1082) provided that two or more corporations shall be deemed to be affiliated, if substantially all the stock of two or more corporations is owned or controlled by the same interests. Treasury Department Regulation 45 (1920 Edition), art. 633, defined what was meant by "substantially all the stock," and provided that consolidated returns might be required, although less than 95 per cent. of the stock was controlled. This statute and the accompanying regulation have been recently the subject of consideration by this court, particularly as to the meaning of the word "controlled" used in section 240(b). Commissioner of Internal Revenue v. Richfield Oil Co. (C. C. A.) 42 F.(2d) 360. The Commissioner contended in that case, as he does here, that the control requisite to affiliation must be enforceable by legal means. This contention was rejected in that case, and we see no reason to alter our views in that regard. See, also, J. Rogers Flannery & Co. v. Commissioner of Internal Revenue (C. C. A.) 42 F.(2d) 11, certiorari denied by the Supreme Court December 1, 1930, 51 S. Ct. 102, 75 L. Ed. ——.

In the present case the Board of Tax Appeals found that three brothers named Machris owned all of the capital stock of the Wilshire Oil Company, Inc. The same persons organized the Bandini Petroleum Company to secure a supply of crude oil for the Wilshire Oil Company, Inc. During the taxable year of 1920 with which we are concerned they owned 72.5 per cent. plus of the shares of the stock of the Bandini Company; 13.5 per cent. plus was owned by close friends and associates who had entered into a preincorporation subscription agreement with the Machris brothers, upon the representations of the latter that they would organize, finance, and operate the new corporation and sell its entire production of crude oil to the Wilshire Oil Company, Inc. The remainder of the stock was in the hands of the public, with the exception of a few shares held by employees.

The findings further show that the two corporations were in fact operated in accordance with the promises leading up to the subscription agreement above referred to, and that they formed a business and economic unit. The Bandini Petroleum Company did

not maintain an office, but used the office of the Wilshire Company free of rent; no officer of the Bandini Company received any salary from it; its accounts were kept by employees of the Wilshire Oil Company, Inc. From June, 1920, to the end of the year, the Wilshire Oil Company, Inc., advanced or paid out for Bandini approximately $20,000, for which it received no interest. The Wilshire Company and the Machris brothers financed and obtained credit for the Bandini Company by purchasing and paying for equipment and guaranteeing Bandini accounts.

The Bandini Petroleum Company had no office or selling force. Its field operations were conducted by and under the supervision of the officers and employees of the Wilshire Oil Company.

These findings leave no room for doubt as to the dominance of the Machris brothers and of the Wilshire Oil Company, Inc., of which they owned all the stock, in the affairs of the Bandini Petroleum Company, and their actual control of the destinies of the latter. This control arises, not only from the Machris ownership of approximately three-fourths of the Bandini stock, but also on account of their contractual obligations to the associates who subscribed prior to incorporation upon the express understanding that the Machris brothers would assume just such control as they are shown to have exercised, in which it is clear not only the subscribers, but the remaining stockholders as well, acquiesced.

These corporations were affiliated within the meaning of section 240(b) of the Revenue Act of 1918, and the decision of the Board of Tax Appeals is therefore affirmed.